UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH A. RICHTER<br><br>              Plaintiff,<br>   v.<br><br>THE CONNECTICUT JUDICIAL BRANCH,<br>O'CONNELL, ATTMORE & MORRIS, LLC,<br>and  JUDGE HERBERT BARALL,<br><br>              Defendants. | No. 3:12-CV-1638 (JBA) |

**RULING ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

In this *pro se* action under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et al.*, against State of Connecticut judicial officials and a private law firm, Plaintiff moved on February 25, 2013 for a temporary restraining order and preliminary injunction. Doc. #27.   Counsel for Defendants were served with the motion papers electronically.  Judge Janet Bond Arterton, the assigned Judge, being away from the Courthouse, Plaintiff's application was referred to me as the Duty Judge.

To the extent that Plaintiff's motion functions as an *ex parte* application for a temporary restraining order, I DENY  that relief, since there is no showing that immediate relief is essential to prevent imminent irreparable harm, the Plaintiff's client (William MacVicar) having been evicted. *See* Fed. R. Civ. P. 65(b) (a court may issue a temporary restraining order only upon movant

1

establishing "immediate and irreparable injury, loss, or damage" in the absence of relief).[1] Plaintiff's application expresses the concern that "[w]ithout the intervention of this court, any future clients of mine will be subjected to similar violations of their ADA rights."  Doc. 27-1 (Affidavit) at ¶ 32.  That concern may be addressed within the context of Plaintiff's motion for a preliminary injunction.  Judge Arterton is returning to the Courthouse soon, and Plaintiff should communicate with her Chambers with regard to scheduling for that motion and any other issues arising out of the case (including, if Plaintiff is so inclined) a renewal of her application for a temporary restraining order.

Accordingly, Plaintiff's Motion for Temporary Restraining Order (Doc. #27)  is DENIED on the present record.

It is SO ORDERED.

Dated: New Haven, Connecticut
February 27, 2013

/s/Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge

---

[1] *See, e.g., Garcia v. Yonkers School Dist.*, 561 F.3d 97, 106 (2d Cir. 2009) (a temporary restraining order is issued when "speed is needed . . . to prevent irreparable harm") (internal quotations and citation omitted); *Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992) ("traditional standards which govern consideration of an application for a temporary restraining order . . . are the same standards as those which govern a preliminary injunction, and the first inquiry is therefore whether the [movant] will suffer irreparable injury"), *cert. denied*, 506 U.S. 953 (1992).  *See also Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir.1990) ("[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.... Irreparable harm must be shown by the moving party to be imminent, not remote or speculative, ... and the alleged injury must be one incapable of being fully remedied by monetary damages.") (internal citations and quotations omitted); *Control Systems, Inc. v. Realized Solutions, Inc.,* No. 3:11cv1423 (PCD), 2011 WL 4433750, at *3 (D.Conn. Sept. 22, 2011) (applying "irreparable harm" standard to temporary restraining order).